HORWITZ, HORWITZ & PARADIS
Paul O. Paradis (*Pro Hac Vice*)
Michael A. Schwartz (*Pro Hac Vice*)
Gina M. Tufaro (*Pro Hac Vice*)
405 Lexington Avenue – 61st Floor
New York, NY 10174
Telephone: (212) 986-4500
Facsimile: (212) 986-4501

Class Counsel

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| IN RE AMERICAN HONDA MOTORS CO., INC. OIL FILTER PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | MDL No. 06-1737-CAS-PLAx<br><br>[CV06-1301-CAS(PLAx); CV06-1302-CAS(PLAx); CV06-1304-CAS(PLAx);CV06-1305-CAS(PLAx); CV06-1308-CAS(PLAx); & CV07-162-CAS(PLAx)]<br><br><u>CLASS ACTION</u><br><br>AMENDED FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE<br><br>DATE:  October 19, 2009<br>TIME:  10:00 a.m.<br>JUDGE:  Christina A. Snyder<br>COURTROOM: 5 |

[PROPOSED] AMENDED FINAL JUDGMENT AND
ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing on October 19, 2009 pursuant to the Order of this Court, dated April 17, 2009, and on the application of the Settling Parties for approval of the settlement set forth in the Settlement Agreement dated as of March 6, 2009.  Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed about the settlement and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. With respect to the capitalized terms set forth herein, the Court, for purposes of this Final Judgment and Order of Dismissal with Prejudice of Defendant American Honda Co., Inc. ("Honda") adopts the definitions set forth in the Settlement Agreement.

2. Any term used herein and not defined should be construed consistent with the definitions set forth in the Settlement Agreement.

3. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

4. The Court finally certifies, for settlement purposes only, a Class of all residents of the United States, District of Columbia, Commonwealth of Puerto Rico, U.S. Virgin Islands, and Guam who purchased or leased Class Vehicles. Excluded from the Class are Honda and its subsidiaries, affiliates, officers, directors, and employees; persons who have previously filed separate, non-class legal actions against Honda asserting claims relating to or in any way arising out of an oil-fed engine fire in a Class Vehicle and either have recovered money or obtained other relief by way of judgment, settlement or other final resolution, or have had such actions resolved against them by judgment or dismissal with prejudice; all entities or individuals, including but not limited to insurers of the Class Vehicles, claiming to be subrogated to the rights of members of the Class

who own or have owned Class Vehicles; all issuers of extended vehicle warranties for the Class Vehicles; persons who validly and timely requested exclusion from the Class; and the Judge to whom this case is assigned and any member of the Judge's immediate family.

5. With respect to the Class, this Court finds that each of the requirements of Federal Rules of Civil Procedure 23 with respect to the settlement Class are met in that (a) the Members of the Class are so numerous that joinder of all Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of the Plaintiffs are typical of the claims of the Class; (d) the Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

6. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the settlement set forth in the Settlement Agreement and finds that said settlement is, in all respects, fair, just, reasonable, and adequate to, and in the best interests of, the Plaintiffs, the Class, and each of the Class Members.

7. Except as to any individual claim of those persons (identified in Exhibit A hereto) who have validly and timely requested exclusion from the Class, the Litigation and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as to the Plaintiffs and the other Members of

1  the Class, as against each and all of the Released Persons.  The Settling Parties are
2  to bear their own costs, except as otherwise provided in the Settlement Agreement.
3     8.   The Court finds that the Settlement Agreement is fair, just, reasonable
4  and adequate as to each of the Members of the Class, and that the Settlement
5  Agreement is hereby finally approved in all respects, and the Settling Parties are
6  hereby directed to perform its terms commencing on the Effective Date of the
7  Settlement Agreement.
8     9.   The objections to the Settlement are overruled.
9     10.  By operation of this Judgment and upon the occurrence of the
10 Effective Date, the Plaintiffs shall have, and each of the Class Members shall be
11 deemed to have, and by operation of the Judgment shall have, fully, finally, and
12 forever released, relinquished and discharged all Released Claims against the
13 Released Persons, whether or not such Class Member executes and delivers the
14 Proof of Claim and Release.
15
16    11.  All Class Members are hereby forever barred and enjoined from
17 prosecuting any and all of the Released Claims against any and all of the Released
18 Persons.
19    12.  By operation of this Judgment and upon the occurrence of the
20 Effective Date, Defendant Honda shall be deemed to have, and by operation of this
21 Judgment shall have, fully, finally, and forever released, relinquished and
22 discharged each and all of the Class Members, Plaintiffs, Class Counsel and
23 Plaintiffs' Counsel from all claims (including Unknown Claims), arising out of,
24 relating to, or in connection with the institution, prosecution, assertion, settlement
25 or resolution of the Litigation or the Released Claims.
26    13.  The Notice of Pendency and Proposed Settlement of Class Action
27 given to the Class was the best notice practicable under the circumstances,
28 including the individual notice to all Members of the Class who could be identified

through reasonable effort.  Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

14.	Any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

15.	Neither the Settlement Agreement, nor any of its terms, provisions or Exhibits, nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  The Released Persons may file the Settlement Agreement and/or the Judgment from this Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16.	Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Fund, including interest earned thereon; (b) disposition of the Fund; (c) hearing and determining applications for attorneys'

fees, interest and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Settlement Agreement.

17. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

18. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, or the Settlement Agreement terminates according to its provisions, or in the event that the Fund, or any portion thereof, is returned to the Defendant Honda or its insurers other than in accordance with the Settlement Agreement, or this Judgment does not become Final, then this Judgment shall be rendered null and void and shall be vacated and, in such event, all orders entered and releases given in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

19. The Court directs entry of final judgment as to all claims against Defendant Honda based upon the Court's determination that there is no just reason for delay for the entry of such judgment.

IT IS SO ORDERED.

DATED: October 26, 2009

_____
THE HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE